UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GARY LIEBOWITZ, Individually and on Behalf of
All Others Similarly Situated

        Plaintiffs,

v.

DOW JONES & COMPANY, INC.,

        Defendant.

Civil Action No.
06 CV 2198
(MGC)/(DFE)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREW NEWMARK, ALLAN NEWMARK,
and BURT FAURE, Individually and on Behalf of
All Others Similarly Situated,

        Plaintiffs,

v.

DOW JONES & COMPANY, INC.,

        Defendant.

Civil Action No.
06 CV 2992
(MGC)/(DFE)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JOINT STIPULATION OF UNDISPUTED FACTS
## CONCERNING SUBJECT MATTER JURISDICTION

Defendant Dow Jones & Company, Inc. ("Dow Jones") and Plaintiffs Gary Lebowitz, Andrew Newmark, Allan Newmark, and Burt Faure (collectively, "Plaintiffs") submit this joint stipulation of undisputed facts concerning subject matter jurisdiction, pursuant to this Court's order during the conference held on September 16, 2009.

The facts set forth below relating to subject matter jurisdiction are admitted and require no proof. The inclusion of any fact herein is an admission for all purposes of this litigation.

A.  **Background**

1. Dow Jones owns and operates WSJ.com. Prior to January 8, 2006, the content of WSJ.com included Barron's Online ("BOL").

2. On January 8, 2006, Dow Jones spun off Barron's Online ("BOL") into a separate service from WSJ.com.

3. Prior to the spin-off, all online WSJ.com subscribers had access to WSJ.com and BOL content through their WSJ.com subscriptions. At the time of the BOL spin-off on January 8, 2006, existing annual subscribers could choose either to convert their subscriptions from WSJ.com to the new, freestanding BOL and lose access to WSJ.com, or keep their WSJ.com subscriptions and access BOL for an additional, pro-rated fee based on the remainder of their annual subscriptions. Prior to the spin-off, all price increases were implemented at the end of the subscription period.

4. Plaintiffs brought suit against Dow Jones seeking class certification on behalf of "all consumers with pre-paid annual subscriptions to [WSJ.com] which were either originated or automatically renewed by Dow Jones during the period January 8, 2005 through and including January 7, 2006." Plaintiffs' Motion for Class Certification at p. 3 ("Definition of Class"); *see also* Fourth Amended Complaint at ¶ 2.

B.  **BOL Usage Study**

5. Dow Jones conducted a study of specific usage of BOL by WSJ.com subscribers during the three-month period from June through August 2005 (the "BOL Study").

6. A true and correct copy of the BOL study is attached hereto as Exhibit A. The parties consent to the authentication and admissibility of the BOL study for purposes of this case,

2

but Plaintiffs reserve their right to argue that the BOL study is not relevant to determining subject matter jurisdiction.

### C. Types of WSJ.com Subscribers

7. By the end of December 2005, WSJ.com had 768,438 online subscribers.

8. These WSJ.com subscribers fell into several different categories, including monthly subscribers, Journal in Education subscribers, Factiva subscribers, Corporate and Group subscribers and individual subscribers.

9. Of the WSJ.com's 768,438 total subscribers by the end of December 2005, 51,640 were monthly subscribers.

10. Of the WSJ.com's 768,438 total subscribers by the end of December 2005, 121,081 were Journal in Education subscribers, meaning they subscribed through a special program on unique terms applicable to that program.

11. The Journal in Education Subscribers who subscribed through group contracts did not enter into pre-paid annual subscriptions for access to WSJ.com and BOL.

12. These 121,081 Journal in Education subscribers would not be part of any class that Plaintiffs seek to certify here.

13. Of the WSJ.com's 768,438 total subscribers by the end of December 2005, 58,870 were Factiva subscribers, meaning they subscribed through Factiva, a company that offers a unique comprehensive subscription product that includes the collection of thousands of authoritative sources, including WSJ.com, on unique terms applicable to Factiva subscriptions.

14. These 58,870 Factiva subscribers would not be part of any class that Plaintiffs seek to certify here.

15. Of the WSJ.com's 768,438 total subscribers by the end of December 2005, 34,275 were Corporate and Group subscribers, meaning they subscribed through the specially negotiated terms applicable to Corporate and Group subscribers.

16. The Corporate and Group Subscribers did not lose access to BOL in January 2006.

17. These 34,275 Corporate and Group subscribers would not be part of any class that Plaintiffs seek to certify here.

18. As part of the subscription process, individual WSJ.com subscribers were required to agree to the terms and conditions of the then-operative form subscriber agreement.

19. That subscriber agreement included the following choice of law clause: "You agree that this Agreement, as well as any and all claims arising from this Agreement will be governed by and construed in accordance with the laws of the State of New York, United States of America applicable to contracts made entirely within New York and wholly performed in New York, without regard to any conflict or choice of law principles."

20. At the end of December 2005, 78,233 of the WSJ.com's total subscribers in all categories resided in New York.

21. The total number of WSJ.com subscribers remaining after excluding the 214,266 Journal in Education, Factiva and Corporate and Group subscribers is 554,172 subscribers, consisting of annual and monthly individual subscribers.

**D.    Amounts Paid by WSJ.com Subscribers After the BOL Spin-Off**

22. Prior to the BOL spin-off from WSJ.com on January 8, 2006, WSJ.com included Barron's Online content. After the spin-off of BOL from WSJ.com on January 8, 2006, Dow Jones offered existing annual WSJ.com subscribers the ability to get BOL access through their

subscriptions by paying an additional amount up to a maximum of $20, pro-rated to reflect the time remaining on their existing WSJ.com pre-paid annual subscriptions. The same financial offer was made to those subscribers who retained the BOL service after the spin-off to permit them to get WSJ.com access through their BOL subscriptions. Those subscribers who remained WSJ.com subscribers after the spin-off, but did not pay the pro-rata portion of the $20 fee or did not receive an accommodation upon contacting Dow Jones after the spin-off, did not retain access to BOL, and vice versa.

23. A standard annual subscription rate of $79 was charged to subscribers who obtained an annual BOL subscription after January 8, 2006. The annual WSJ.com subscription rate prior to the spin-off was either $79 or $99.

24. The pro-rated portion of $20 for BOL after the spin-off would have varied depending on the time of year the subscriber subscribed to WSJ.com (i.e., customers who subscribed in February 2005 were charged a lower pro-rated amount for continued access to BOL after January 8, 2006, for the limited remainder of their pre-paid annual subscription than customers who subscribed in December 2005). Because there was a higher concentration of subscribers in the early months of 2005 compared to the latter half, the average pro-rated portion of $20 for BOL or WSJ. Com after the spin-off amounted to $9.58 per subscriber.

25. Plaintiff Allan Newmark paid $4.11 (his pro-rated portion of $20) for continued access to BOL for the remainder of his WSJ.com pre-paid subscription term.

26. Plaintiff Andrew Newmark paid $14 (his pro-rated portion of $20) for continued access to BOL for the remainder of his WSJ.com pre-paid subscription term.

27. Plaintiff Gary Lebowitz did not pay the pro-rated portion of $20 for access to BOL for the remainder of his WSJ.com pre-paid subscription term and therefore lost access to BOL.

28. Following the BOL spin-off, 37,522 subscribers paid the pro-rata share of the $20 fee for continued access to both WSJ.com and BOL for the remainder of their pre-paid subscription terms.

### E. Post-Spin-Off Actions

29. For the two-week period starting the day of the spin-off of BOL on January 8, 2006, a total of 684 subscribers contacted customer service expressing an intention to cancel their subscriptions because of the spinoff. Of that number, 449 subscribers ultimately decided not to cancel their subscriptions after speaking with customer service.

30. Of those 449 complaining subscribers who decided not to cancel their subscriptions, 264 had accounts that were credited by a specific monetary accommodation. 212 of those 264 were credited $20 and the average monetary accommodation for all 264 "saved" subscribers was $18.18.

31. The remaining 184 complaining subscribers who threatened to cancel their subscriptions were "saved" with alternative accommodations, including those who were "saved" without incentive, "saved" with a term extension or free time, or "saved" by changing their subscription in some way (e.g., from annual to monthly, or primary subscription from WSJ.com to BOL).

32. These 449 complaining subscribers who decided not to cancel their subscriptions because they were accommodated in some way would not be part of any class that Plaintiffs seek to certify here.

Dated: New York, NY
       May **3**, 2010

| | |
|---|---|
| GISKAN SOLOTAROFF ANDERSON & STEWART | GIBSON DUNN & CRUTCHER LLP |

_____
Oren Giskan (OG-3667)
Catherine Anderson (CA-5129)

11 Broadway, Suite 2150
New York, NY 10004
Tel: (212) 847-8315
Fax: (646) 520-3237

WHALEN & TUSA, P.C.
Joseph S. Tusa (JT-9390)
Paul C. Whalen (PW-1300)
33 West 19th Street, Suite 405
New York, NY 10011
Tel: (212) 400-7100
Fax: (212) 658-9685

*Attorneys for Plaintiff Gary Lebowitz*

LAW OFFICES OF CURTIS V. TRINKO, LLP

_____
Curtis V. Trinko (CT-1838)
Wai K. Chan (WC-0743)
16 West 46th Street, 7th Floor
New York, NY 10036
Tel: (212) 490-9550
Fax: (212) 986-0158

*Attorneys for Plaintiffs Andrew Newmark, Allan Newmark and Burt Faure*

_____
Randy M. Mastro (RM-9492)
Nancy E. Hart (NH-1789)

200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-3897
Fax: (212) 351-5219

*Attorneys for Defendant Dow Jones & Company, Inc.*

SO ORDERED:

_____
Hon. Miriam G. Cedarbaum, U.S.D.J.
May ___, 2010

Dated: New York, NY
      May **3**, 2010

| | |
|---|---|
| GISKAN SOLOTAROFF ANDERSON & STEWART | GIBSON DUNN & CRUTCHER LLP |

_____  
Oren Giskan (OG-3667)  
Catherine Anderson (CA-5129)

11 Broadway, Suite 2150  
New York, NY 10004  
Tel: (212) 847-8315  
Fax: (646) 520-3237

WHALEN & TUSA, P.C.  
Joseph S. Tusa (JT-9390)  
Paul C. Whalen (PW-1300)  
33 West 19th Street, Suite 405  
New York, NY 10011  
Tel: (212) 400-7100  
Fax: (212) 658-9685

*Attorneys for Plaintiff Gary Lebowitz*

LAW OFFICES OF CURTIS V. TRINKO, LLP

_____  
Curtis V. Trinko (CT-1838)  
Wai K. Chan (WC-0743)  
16 West 46th Street, 7th Floor  
New York, NY 10036  
Tel: (212) 490-9550  
Fax: (212) 986-0158

*Attorneys for Plaintiffs Andrew Newmark, Allan Newmark and Burt Faure*

_____  
Randy M. Mastro (RM-9492)  
Nancy E. Hart (NH-1789)

200 Park Avenue  
New York, NY 10166-0193  
Tel: (212) 351-3897  
Fax: (212) 351-5219

*Attorneys for Defendant Dow Jones & Company, Inc.*

SO ORDERED:

_____  
Hon. Miriam G. Cedarbaum, U.S.D.J.  
May __, 2010

7