# GISKAN SOLOTAROFF ANDERSON & STEWART LLP

## Attorneys at Law

December 2, 2010

<u>**VIA HAND DELIVERY AND ECF FILING**</u>
Honorable Miriam Goldman Cedarbaum
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2230
New York, NY 10007-1312

Re:   *Lebowitz v. Dow Jones & Company, Inc., No. 06 CV 2198*
      <u>*Newmark et al. v. Dow Jones & Company, Inc., No. 06 Civ. 2992*</u>

Dear Judge Cedarbaum:

I write on behalf of Plaintiffs' counsel in the above-referenced action to inform the Court of the recent Ninth Circuit decision, *Lewis v. Verizon Communications Inc.*, 2010 U.S. App. LEXIS 23725 (9th Cir. November 18, 2010), which delineates the requirements for satisfying the $5 million amount in controversy jurisdictional requirement under the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005). A copy of the *Lewis* decision is submitted herewith as Exhibit A for the Court's review.

In light of the recent *Lewis* decision which further supports a finding of CAFA subject matter jurisdiction in the present action before the Court, Plaintiffs renew their request that the proposed Order attached hereto as Exhibit B be entered and that Plaintiffs be permitted to renew their motion for class certification. *See Lebowitz v. Dow Jones & Co.*, 2008 U.S. Dist. LEXIS 68212, at *4 (S.D.N.Y. Sept. 10, 2008) ("Accordingly, the motion to certify the class is denied as premature. If subject matter jurisdiction is established, the motion may be renewed.") (Cedarbaum, J.).

The *Lewis* decision makes clear that under CAFA, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 2010 U.S. App. LEXIS 23725, at *12, citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2009)("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation."). The Ninth Circuit further held in *Lewis* that "[t]o establish the jurisdictional amount [under CAFA], [defendant] Verizon need not concede liability for the entire amount, which is what the district court was in essence demanding," 2010 U.S. App. LEXIS 23725 at * 12, and that it is only in instances where the complaint does not allege a specific sum in controversy that evidentiary proof should be considered.

*Id.* at *9 ("In determining the amount [in controversy], we first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"), citing *St. Paul Mercury Indem. Co. v. Reed Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586 (1938).

Here, the operative complaint alleges a specific sum in controversy in excess of $5 million. Indeed, the complaint alleges that 768,000 putative class members have suffered damages of $20 each, or total damages in excess of $15 million. See Plaintiffs' Fourth Amended Consolidated Class Action Complaint, ¶¶ 4, 13, 34, 35, 48.[1]  In accordance with the Ninth Circuit's holding in *Lewis*, and under the less stringent "reasonable probability" standard adopted by the Second Circuit, *see Lewis*, 2010 U.S. App. LEXIS 23725, at *13-14 (recognizing that "the Seventh Circuit, along with the First and Second Circuits, apply what may be a lower standard of proof: a "reasonable probability standard") and cases cited therein; *see also, Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*, 592 F. Supp. 2d 522, 526 (S.D.N.Y. 2008)(applying the reasonable probability standard for establishing the amount in controversy under CAFA), nothing more is required for Plaintiffs here to satisfy the threshold $5 million amount in controversy for CAFA subject matter jurisdiction.

For the reasons set forth herein, and on the Plaintiffs' Fourth Amended Consolidated Class Action Complaint, the Plaintiffs' Proposed Findings of Fact and Conclusions of Law dated May 4, 2010, and the Memorandum Of Law and Declaration In Support Thereof, there can be no question that Plaintiffs have satisfied the CAFA federal subject matter jurisdiction requirements.

Respectfully submitted,

Catherine E Anderson

Oren Giskan (OG 3667)
Catherine E. Anderson (CA 5129)
**GISKAN SOLOTAROFF**
  **ANDERSON & STEWART LLP**
11 Broadway, Suite 2150
New York, NY 10004
Tel: (212) 847-8315

---

[1]  Since the filing of the Fourth Amended Consolidated Class Action Complaint, the parties have stipulated that the maximum class size is approximately 554,172 class members. This number represents the total number of WSJ.com subscribers remaining after excluding the 214,266 Journal in Education, Factiva and Corporate and Group subscribers.

Joseph S. Tusa (JT 9390)
Paul C. Whalen (PW 1300)
33 West 19th Street, 4th Floor
New York, NY 10011
Tel. (212) 400-7100

***Counsel for Plaintiff Gary Lebowitz***

Curtis V. Trinko (CT 1838)
Jennifer Traystman (JT7583)
**THE LAW OFFICES OF**
 **CURTIS V. TRINKO, LLP**
16 West 46th Street, 7th Floor
New York, NY 10036
Tel. (212) 490-9550

***Counsel for Plaintiffs Andrew Newmark,***
***Allan Newmark and Burt Faure***

cc:      Counsel of Record (by email)

3

# EXHIBIT A

**LexisNexis®** *Total Research System*

Switch Client | Preferences | Sign Out | ? Help

*My Lexis™* \ *Search* \ *Research Tasks* \ *Get a Document* \ *Shepard's®* \ *Alerts* \ *Total Litigator* \ *Transactional Advisor* \ *Counsel Selector* \   History | ⚏

FOCUS™ Terms  lewis and verizon               Search Within  Original Results (1 - 63)   Go ▸   Advanced...

Source: Legal > States Legal - U.S. > California > Find Cases > CA Federal & State Cases, Combined ⓘ
Terms: **lewis and verizon** (Edit Search | Suggest Terms for My Search)

⤶Select for FOCUS™ or Delivery
▢

*2010 U.S. App. LEXIS 23725, \**

DELORES **LEWIS,** individually and on behalf of a class of similarly situated individuals, Plaintiff - Appellee, v. **VERIZON** COMMUNICATIONS, INC., a Delaware corporation, Defendant - Appellant.

No. 10-56512

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

2010 U.S. App. LEXIS 23725

November 3, 2010, Argued and Submitted, Pasadena, California
November 18, 2010, Filed

**PRIOR HISTORY: [\*1]**
Appeal from the United States District Court for the Central District of California. D.C. No. 2:10-cv-02337-PSGMAN. Philip S. Gutierrez, District Judge, Presiding.
**Lewis** v. **Verizon** Communs., Inc., 2010 U.S. Dist. LEXIS 80564 (C.D. Cal., June 30, 2010)

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff customer brought a putative class action against defendant telephone provider in California state court, alleging that the provider charged for services that were never ordered. The provider removed the case to the United States District Court for the Central District of California under the Class Action Fairness Act (CAFA), 28 U.S.C.S. § 1332(d)(2). The district court remanded to state court. The provider appealed.

**OVERVIEW:** The customer sought to represent a class of customers that had been billed for services that they never expressly agreed to or requested. The complaint did not state a fixed amount of damages sought. The provider submitted a declaration stating that the customers were billed more than $ 5 million, the jurisdictional amount under CAFA. The district court found that the complaint placed only unauthorized charges into controversy and that the declaration therefore did not satisfy the provider's burden to demonstrate the requisite amount in controversy. The court of appeals held that the provider had sufficiently established CAFA jurisdiction. The district court had assumed that total billings included both authorized and unauthorized charges, but there was no evidence or allegation to support that assumption. The provider had offered evidence of the amount of total billings, and the customer had not argued that the claimed damages were less than the total billed. The entire amount of the billings was therefore "in controversy."

**OUTCOME:** The district court's remand order was vacated, and the matter was remanded for further proceedings.

**CORE TERMS:** amount in controversy, billing, unauthorized, billed, customer, removal, jurisdictional amount, diversity jurisdiction, federal jurisdiction, class action, standard of proof, diversity, removing, exceeded, Fairness Act CAFA, jurisdictional, preponderance, declaration, evidentiary, permission, enrolled, notice, belongs, subscriber's, landline, premium, traditional rule, class members, exclusive of interest, filed suit

**LEXISNEXIS® HEADNOTES**                                                               ⊟ **Hide**

Civil Procedure > Class Actions > Class Action Fairness Act 🖉
*HN1* ⊞ The Class Action Fairness Act authorizes the removal of class action lawsuits from state to federal court where the amount in controversy exceeds $ 5 million, exclusive of interest and costs. 28 U.S.C.S. § 1332(d)(2).  More Like This Headnote

Civil Procedure > Class Actions > Appellate Review 🖉
Civil Procedure > Class Actions > Class Action Fairness Act 🖉
*HN2* ⊞ The Class Action Fairness Act mandates a prompt disposition of controversies that arise over issues relating to jurisdiction under the Act. If all of the deadlines have been satisfied by the parties, an appeal must be decided within 60 days after it is filed. 28 U.S.C.S. § 1453(c)(2). There is no appeal until the petition for permission is granted, and the entry of the order granting permission serves as the notice of appeal for all timing issues.  More Like This Headnote

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy > Challenges 🖉
Civil Procedure > Removal > Basis > Diversity of Citizenship 🖉
Civil Procedure > Class Actions > Class Action Fairness Act 🖉
Evidence > Procedural Considerations > Burdens of Proof > Preponderance of Evidence 🖉

HN3⭐In the Ninth Circuit, when a complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount. A removing defendant has the burden to show the amount in controversy to a legal certainty when complaint pleads damages less than the Class Action Fairness Act's jurisdictional amount. More Like This Headnote

Civil Procedure > Class Actions > Class Action Fairness Act 🔍
HN4⭐See 28 U.S.C.S. § 1332(d)(2).

Civil Procedure > Class Actions > Appellate Review 🔍
Civil Procedure > Class Actions > Class Action Fairness Act 🔍
Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders 🔍
HN5⭐28 U.S.C.S. § 1453(c) authorizes interlocutory review of a Class Action Fairness Act removal order. More Like This Headnote

Civil Procedure > Class Actions > Class Action Fairness Act 🔍
HN6⭐The Class Action Fairness Act (CAFA) significantly expands federal jurisdiction in diversity class actions. CAFA, however, aims to limit federal jurisdiction to larger class actions. CAFA originally included a $ 2 million amount in controversy requirement, but it was increased to $ 5 million after the Congressional Budget Office reported that the bill would impose additional costs on the federal district court system since most class-action lawsuits would likely satisfy the $ 2 million requirement. More Like This Headnote

Civil Procedure > Class Actions > Appellate Review 🔍
Civil Procedure > Class Actions > Class Action Fairness Act 🔍
HN7⭐The Class Action Fairness Act is designed to settle jurisdictional issues early. Thus, appeals must be filed not less than 7 days after a remand order. 28 U.S.C.S. § 1453(c)(1). If the court of appeals accepts the appeal, the court must issue a final judgment not more than 60 days later. § 1453(c)(2). And if the court of appeals does not issue judgment within the time allowed, the appeal shall be denied. § 1453(c)(4). More Like This Headnote

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy > Determinations 🔍
Civil Procedure > Class Actions > Class Action Fairness Act 🔍
Evidence > Procedural Considerations > Burdens of Proof > Allocation 🔍
HN8⭐In determining the amount in controversy, a court first looks to the complaint. Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. The complaint, however, does not always state a specific sum, and in such cases, this court has recognized different burdens of proof depending on the specific circumstances. The fundamental principle laid down in diversity cases, nevertheless, remains under the Class Action Fairness Act: the party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court. This traditional rule of burden allocation to determine removal jurisdiction comports with the view that the dominant note in the successive enactments of Congress relating to diversity jurisdiction is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business. More Like This Headnote

Civil Procedure > Removal > Proceedings > General Overview 🔍
Civil Procedure > Class Actions > Class Action Fairness Act 🔍
Evidence > Procedural Considerations > Burdens of Proof > Allocation 🔍
HN9⭐Under the Class Action Fairness Act (CAFA) the burden of establishing removal jurisdiction is, as it was before CAFA, on the party wishing to see the case in federal court. While CAFA relaxed the federal removal requirements in some respects, it did not alter the traditional rule which places the burden of establishing removal jurisdiction on the proponent of federal jurisdiction. This means that jurisdictional issues may be disputed, and, when they are, the burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate. More Like This Headnote

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy > Determinations 🔍
HN10⭐The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of a defendant's liability. The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. To establish the jurisdictional amount, a defendant need not concede liability for the entire amount. More Like This Headnote

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy > Determinations 🔍
HN11⭐The law in the United States Court of Appeals for the Ninth Circuit regarding establishment of amount in controversy is articulated a little differently from that of others, in that the Ninth Circuit expressly contemplates the district court's consideration of some evidentiary record. The Ninth Circuit employs a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy. The United States Court of Appeals for the Seventh Circuit, along with the United States Courts of Appeals for the First and Second Circuits, apply what may be a lower standard of proof: a "reasonable probability" standard. When the complaint is silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy, the removing litigant must show a reasonable probability that the stakes exceed the minimum. The United States Court of Appeals for the Fourth Circuit has not adopted a specific standard of proof, although several district courts within the Fourth Circuit have concluded that the appropriate standard of proof is preponderance of the evidence. Both the Seventh Circuit and the Fourth Circuit have looked to evidence outside the complaint when the complaint is silent as to the amount. More Like This Headnote

Civil Procedure > Class Actions > Class Action Fairness Act

*HN12* Under the Class Action Fairness Act, once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $ 5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much. More Like This Headnote

**COUNSEL:** Michael J. McMorrow, Chicago, Illinois, for plaintiff-appellee Delores **Lewis,** et al.

Paul J. Watford, Los Angeles, California, for defendant-appellant **Verizon** Communications, Inc.

**JUDGES:** Before: SCHROEDER , TALLMAN  and M. SMITH , Circuit Judges. Opinion by Judge SCHROEDER .

**OPINION BY:** SCHROEDER

**OPINION**

Opinion by Judge SCHROEDER :

This is an appeal under *HN1* the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.). The Act authorizes the removal of class action lawsuits from state to federal court where the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). The issue before us is whether the district court properly remanded the case to state court on the ground that this requirement was not satisfied.

*HN2* CAFA mandates a prompt disposition of controversies that arise over issues relating to jurisdiction under the Act. All of the deadlines have been satisfied by the parties, thus an appeal must be decided within 60 days after it is filed. 28 U.S.C. § 1453(c) (2). **[*2]** Hence, we are required to decide this appeal no later than November 22, 2010, 60 days after the petition for appeal was granted. See *Amalgamated Transit Union v. Laidlaw Transit Services, Inc.*, 435 F.3d 1140, 1144 (9th Cir. 2006) ("[T]here is no appeal until the petition for permission is granted, and the entry of the order granting permission serves as the notice of appeal for all timing issues.").

*HN3* In this circuit, when the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Lowdermilk v. U.S. Bank Nat'l Ass'n.*, 479 F.3d 994 (9th Cir. 2007) (removing defendant has the burden to show amount in controversy "to a legal certainty" when complaint pleads damages *less* than CAFA's jurisdictional amount). To satisfy its burden in this case, the removing defendant, **Verizon** Communications, Inc.  ("**Verizon** "), supplied an affidavit to show that the potential damages could exceed the jurisdictional amount. We conclude that this showing satisfies **[*3]** **Verizon's** burden. We therefore vacate the district court's order remanding the case to state court, and remand to the district court for further proceedings. In doing so, we reach a conclusion similar to that reached by the Seventh Circuit in *Spivey v. Vertrue, Inc.*, 528 F.3d 982 (7th Cir. 2008). That case, like this one, involved claims for unauthorized billings, and the defendant in that case, like **Verizon,** submitted an affidavit showing its total billings exceeded the jurisdictional amount. *Id.* at 985.

**BACKGROUND**

The named plaintiff, Delores **Lewis,** filed this case in California state court on December 9, 2009. The complaint concerns charges billed by the defendant, **Verizon,** on behalf of Enhanced Services Billing, Inc. ("ESBI"), a billing processor, or "aggregator," for third-party vendors who offer telephone-related services. These include weather and traffic reports, sports scores, stock tips, and jokes—all of which are known as "premium content." ESBI bills customers for this premium content through local landline telephone providers, like **Verizon,** which places a charge on a subscriber's bill.

**Lewis** claims **Verizon** billed her for services that she never ordered. Describing these charges **[*4]** as "unauthorized," she seeks to represent a class of landline **Verizon** customers in California who have been billed for such services that they never expressly agreed to or requested. The operative complaint states no fixed amount for damages sought.

On March 30, 2010, **Verizon** filed a notice of removal in the District Court for the Central District of California alleging that the case satisfied the $5 million amount in controversy requirement under CAFA, 28 U.S.C. § 1332(d). That section provides in relevant part *HN4* "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and cost . . . ." *Id.* at § 1332(d)(2).

In support of their notice of removal, **Verizon** submitted a declaration of Paul E. Glover, **Verizon's** Senior Consultant for Product Management and Development, to establish that members of the class were billed more than $5 million during the relevant period:

> I have reviewed **Verizon's** records for charges billed by **Verizon** on behalf of ESBI to landline telephone subscribers in California from March 1, 2006 to the present. The records show that these subscribers were billed **[*5]** more than $5 million, exclusive of fees and interest, from March 1, 2006 until the present for ESBI charges . .
> . .

On April 29, 2010, Plaintiff filed a motion to remand the action to state court on the ground that **Verizon** failed to carry its

burden of demonstrating that the case satisfies CAFA's amount in controversy requirement. Plaintiff's motion to remand proffered no evidence or new allegation that the amount the class might be entitled to receive was less than **Verizon's** total ESBI billings. Nor did Plaintiff concede that the class sought a recovery of less than $5 million. Instead, Plaintiff contended that, because the complaint challenged only "unauthorized" charges, there was a distinction between "unauthorized" and "authorized" charges for the purposes of determining the amount in controversy. Relying on such a distinction, Plaintiff attacked the Glover Declaration as "incompetent," since it only spoke to the amount of **Verizon's** gross billings to consumers for ESBI content. On June 30, 2010, the district court granted Plaintiff's motion to remand, and on September 24, 2010, we granted **Verizon's** petition for permission to appeal the remand pursuant to $^{HN5}$ 28 U.S.C. § 1453(c), authorizing **[*6]** interlocutory review of a CAFA removal order.

In ordering the matter remanded to the state court, the district court adopted Plaintiff's distinction between "authorized" and "unauthorized" charges to hold that the complaint placed only the unauthorized charges into controversy. _Lewis v. Verizon Commc'ns, Inc._, 2010 U.S. Dist. LEXIS 80364, 2010 WL 2650363, at *3 (C.D. Cal. June 30, 2010). Thus, according to the district court, the Glover Declaration did not satisfy the Defendant's burden to demonstrate the requisite amount in controversy, since it describes the total sum of all ESBI charges billed by **Verizon,** not just the "unauthorized" ones. 2010 U.S. Dist. LEXIS 80364, [WL] at *3. There was, however, no evidence to support the premise that some portion of the charges alleged in the complaint were "authorized." Nor did any pleading suggest the class recovery would be less than $5 million.

**Verizon** contends on appeal that, given the Plaintiff's refusal to limit the damages sought and **Verizon's** showing that the total billings exceed $5 million, the total billings constitute the "amount in controversy." We agree.

## DISCUSSION

Prior to CAFA, a class action could be heard in federal court under diversity jurisdiction only if there was complete diversity, **[*7]** i.e., all class representatives were diverse from all defendants, and if at least one named plaintiff satisfied the amount in controversy requirement of more than $75,000. _Exxon Mobil Corp. v. Allapattah Servs., Inc._, 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Viewing these two limitations as "defects in diversity jurisdiction," Congress, in 2005, passed $^{HN6}$ CAFA, which significantly expanded federal jurisdiction in diversity class actions. _See_ David Marcus, _Erie, the Class Action Fairness Act, and Some Federalism Implications of Diversity Jurisdiction_, 48 Wm. & Mary L. Rev. 1247, 1289-90 (2007).

CAFA, however, aimed to limit federal jurisdiction to larger class actions. CAFA originally included a $2 million amount in controversy requirement, but it was increased to $5 million after the Congressional Budget Office reported that "the bill would impose additional costs on the Federal district court system" since most class-action lawsuits would likely satisfy the $2 million requirement. _See_ Letter from Dan L. Crippen, Dir., Cong. Budget Office, to F. James Sensenbrenner, Jr., Chairman, Comm. on the Judiciary, U.S. House of Representatives (Mar. 11, 2002), in H.R. Rep. No. 107-370, at 27.

$^{HN7}$ CAFA was also designed to settle jurisdictional issues early. Thus, appeals must be filed "not less than 7 days" after a remand order. 28 U.S.C. § 1453(c)(1). If the court of appeals accepts the appeal, the court must issue a final judgment not more than 60 days later. _Id._ at § 1453(c)(2). And if the court of appeals does not issue judgment within the time allowed, "the appeal shall be denied." _Id._ at § 1453(c)(4).

Although CAFA is relatively new, the concept of an "amount in controversy" has a long history. Congress originally created a jurisdictional amount for diversity jurisdiction in the Judiciary Act of 1789. That statute established a $500 jurisdictional amount, intended as a floor for the size of cases that could reach the federal courts. "Congress has used the requirement of an amount in controversy to limit the original and derivative access to the lower federal courts." Thomas E. Baker, _The History and Tradition of the Amount in Controversy Requirement: A Proposal to "Up the Ante" in Diversity Jurisdiction_, 102 F.R.D. 299, 302-03 (1984). Over the years, Congress has seen fit to increase the amount, but its purpose has remained the same — "to ensure that a dispute is sufficiently important to warrant **[*9]** federal-court attention." _Exxon Mobil Corp._, 545 U.S. at 548. The law with respect to establishing an "amount in controversy" has thus developed in the context of diversity jurisdiction.

$^{HN8}$ In determining the amount, we first look to the complaint. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." _St. Paul Mercury Indem. Co. v. Red Cab Co._, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938). The complaint, however, does not always state a specific sum, and in such cases, this court has recognized different burdens of proof depending on the specific circumstances. _Guglielmino_, 506 F.3d at 699. The fundamental principle laid down in diversity cases, nevertheless, remains under CAFA: the party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court. This traditional rule of burden allocation to determine removal jurisdiction comports with the Supreme Court's view that "[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction is one of jealous restriction, of avoiding offense to state sensitiveness, and of **[*10]** relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business." _Indianapolis v. Chase Nat'l Bank_, 314 U.S. 63, 76, 62 S.Ct. 15, 86 L.Ed. 47 (1941) (citing Henry J. Friendly, _The Historic Basis of Diversity Jurisdiction_, 41 Harv.L.Rev. 483, 510 (1928)).

Thus we expressly recognized in _Abrego Abrego v. Dow Chemical Co._, 443 F.3d 676, 685 (9th Cir. 2006), that $^{HN9}$ under CAFA the burden of establishing removal jurisdiction is, as it was before CAFA, on the party wishing to see the case in federal court. While CAFA relaxed the federal removal requirements in some respects, it did not alter the traditional rule which places the burden of establishing removal jurisdiction "on the proponent of federal jurisdiction." _Id._ This means that jurisdictional issues may be disputed, and, when they are, the burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate.

In this case the Plaintiff alleges that she and the other putative class members are being billed by **Verizon** for premium services they never ordered. In the complaint **[*11]** the charges at issue are termed "unauthorized" charges. To support removal, **Verizon** submitted an affidavit that it's total billings for all ESBI services in California exceeded $5 million. There are no contrary evidence, no showing that some substantial part of the total billings was "authorized," and no allegation that Plaintiff sought less than $5 million.

In what may well be at root a semantic misunderstanding, the district court refused to accept the total billings as representing the amount in controversy. Instead, looking to the allegations of the complaint, it held that the total billings could not represent the amount in controversy because the complaint was claiming liability only for charges that were "unauthorized." *Lewis*, 2010 U.S. Dist. LEXIS 80364, 2010 WL 2650363 at *2. The district court thus assumed total billings would include both authorized and unauthorized charges and held that the Defendant had failed to meet its burden under our case law to show the amount in controversy, i.e., unauthorized charges, exceeded the jurisdictional amount. 2010 U.S. Dist. LEXIS 80364, [WL] at *4.

There is no evidence or allegation to support this assumption, however. The Plaintiff has alleged that the putative class has been billed for unauthorized **[*12]** charges; the Defendant has put in evidence of the total billings and the Plaintiff has not attempted to demonstrate, or even argue, that the claimed damages are less than the total billed. Indeed, even though it was not apparent in the district court, before us the Defendant has conceded that where proposed class members have been billed for services they did not order, they are entitled to a refund. Hence, on this record, the entire amount of the billings is "in controversy." [HN10] The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. See *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation."). To establish the jurisdictional amount, *Verizon*—need not concede liability for the entire amount, which is what the district court was in essence demanding by effectively asking *Verizon*—to admit that at least $5 million of the billings were "unauthorized" within the meaning of the complaint.

The district court rejected the reasoning of **[*13]** the two circuits that have, in circumstances similar to this, held a showing on the part of the defendant of the total amounts billed for services challenged by the complaint is sufficient to establish the jurisdictional amount. *Spivey*, 528 F.3d at 985-986; *Strawn v. AT&T Mobility LLC,* 530 F.3d 293, 295 (4th Cir. 2008). The district court followed other district courts in this circuit that incorrectly read the other circuits' decisions as resting on pleadings rather than on an evidentiary showing. See, e.g., *Amezcua v. Cellco P'ship,* 2009 U.S. Dist. LEXIS 41099, 2009 WL 1190553 (N.D. Cal. May 4, 2009).

[HN11] The law in our circuit is articulated a little differently from that of others, in that we expressly contemplate the district court's consideration of some evidentiary record. *See generally* Diane B. Bratvold & Daniel J. Supalla, *Standard of Proof to Establish Amount in Controversy When Defending Removal Under the Class Action Fairness Act,* 36 WM. MITCHELL L. REV. 1397 (2010). We employ a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy. *Guglielmino*, 506 F.3d at 699. The Seventh Circuit, along with the First and Second Circuits, apply what may be a lower standard **[*14]** of proof: a "reasonable probability" standard. *See, e.g., Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005) (when the complaint is "silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy . . . the removing litigant must show a reasonable probability that the stakes exceed the minimum."); *see also Amoche v. Guarantee Trust Life Ins. Co.,* 556 F.3d 41, 48 (1st Cir. 2009); *DiTolla v. Doral Dental IPA of New York,* 469 F.3d 271, 277 (2nd Cir. 2006). The Fourth Circuit has not adopted a specific standard of proof, although "several district courts within the Fourth Circuit have concluded that the appropriate standard of proof is preponderance of the evidence." *Laws v. Priority Trustee Services of N.C., L.L.C.,* 2008 U.S. Dist. LEXIS 84758, 2008 WL 3539512 at * 2 (W.D.N.C. Aug. 11, 2008). Both the Seventh Circuit in *Spivey* and the Fourth Circuit in *Strawn* have looked to evidence outside the complaint when the complaint is silent as to the amount. Regardless of the label applied to the standard of proof, the result in this case should be the same as that in the Seventh and Fourth Circuits' decisions in *Spivey* and *Strawn*.

*Spivey* is the closest to our case. **[*15]** In *Spivey*, the plaintiff filed suit in state court seeking to represent a class of customers allegedly billed by a marketing company for unauthorized charges. 528 F.3d at 983. The complaint alleged that imposing unauthorized charges on customers was a standard practice of the defendant. *Id.* at 985-86. As in this case, the defendant removed the action to federal court under CAFA, and also supplied an affidavit to show that its total charges exceeded $5 million, but the district court found the evidentiary showing insufficient, remanding the case to state court. *Id.* The Seventh Circuit reversed, holding that the defendant had satisfied its burden. It concluded that if the defendant routinely imposed such charges without authorization, all such charges are in play. [HN12] "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* at 986.

The Fourth Circuit decision is similar. In *Strawn*, the plaintiff filed suit in state court seeking to represent a class of customers who were automatically enrolled in a "Roadside Assistance" program **[*16]** when signing up for cellular phone service. 530 F.3d at 294. The district court limited the class to customers who paid the fee "unwillingly." *Id.* The Fourth Circuit vacated the remand order because the complaint did not distinguish between "willing" and "unwilling" customers, and thus included any phone customer who was charged the fee after being automatically enrolled in the program. *Id.* at 299. It relied on AT&T's affidavit stating the approximate number of customers in West Virginia enrolled in the program, coupled with the existence of minimum statutory damages, to hold that AT&T satisfied the jurisdictional burden. *Id.* at 298-299 ("[T]he minimum amount of class damages, if the plaintiffs were to succeed on the merits, would be $11,760,000 (the minimum statutory damages of $200 per customer x 58,800 customers)").

Here, as in *Spivey* and *Strawn*, the stakes exceed $5 million. The Plaintiff is seeking recovery from a pot that Defendant has shown could exceed $5 million and the Plaintiff has neither acknowledged nor sought to establish that the class recovery is potentially any less. The amount in controversy on this record therefore comprises the total billings and the jurisdictional **[*17]** amount is satisfied. *Verizon*—has acknowledged at oral argument that Plaintiff is due refunds of billings for services never requested. The district court, on the basis of a record that lacked the clarity provided by the arguments on appeal, erred in assuming, without pleading or proof, that some significant portion of the total billings were "authorized" and separate from the damages the Plaintiff seeks. *Verizon*—has borne its burden to show the amount in controversy exceeds $5 million.

The remand order is **VACATED** and the case is **REMANDED** for further proceedings in district court.

Terms: **lewis and verizon**  (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Tuesday, November 30, 2010 - 12:24 PM EST

\* Signal Legend:
🚫 -  Warning: Negative treatment is indicated
[Q] -  Questioned: Validity questioned by citing refs
⚠ -  Caution: Possible negative treatment
◈ -  Positive treatment is indicated
Ⓐ -  Citing Refs. With Analysis Available
Ⓘ -  Citation information available
\* Click on any Shepard's signal to Shepardize® that case.

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Switch Client | Preferences | Sign Out | Help

**LexisNexis**®   About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2010 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
```

GARY LEBOWITZ, Individually and on Behalf of
All Others Similarly Situated,

                    **Plaintiff,**

                    **v.**

DOW JONES AND COMPANY, INC.

                    **Defendant**

```
-------------------------------------------------------------------x
```

ANDREW NEWMARK, ALLAN NEWMARK,
and BURT FAURE, Individually and on Behalf of
All Others Similarly Situated,

                    **Plaintiffs,**

                    **v.**

DOW JONES AND COMPANY, INC.

                    **Defendant**

```
-------------------------------------------------------------------x
```

Civil Action No.
06-CV-2198 (MGC)

**JURY TRIAL DEMANDED**

Civil Action No.
06-CV-2992 (MGC)

**JURY TRIAL DEMANDED**

## [Proposed] ORDER FINDING CAFA SUBJECT MATTER JURISDICTION

WHEREAS, the Class Action Fairness Act of 2005 ("CAFA") requires an aggregate amount in controversy in excess of $5 million; *Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 59 (2d Cir. 2006); *Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*, 592 F. Supp. 2d 522, 526 (S.D.N.Y. 2008);

WHEREAS, this action was originally brought by Plaintiffs in federal court in March 2006 as a class action pursuant to CAFA;

WHEREAS, the amount in controversy should be determined at the time the action is originally brought in, or removed to, federal court; *Ava Acupuncture P.C.*, 592 F. Supp. 2d at 527;

WHEREAS, the Court must look to the pleadings to determine whether plaintiffs have demonstrated a reasonable probability that the amount in controversy exceeds $5 million and must construe all ambiguities and draw all reasonable inferences in favor of the party asserting federal

jurisdiction; *Blockbuster,* 472 F.3d at 59; *Anwar v. Fairfield Greenwich Ltd.,* 676 F. Supp. 2d 285, 296 (S.D.N.Y. 2009); *Ava Acupuncture P.C.,* 592 F. Supp. 2d at 526; *Sorrentino v. ASN Roosevelt Ctr., LLC,* 588 F. Supp. 2d 350, 353 (E.D.N.Y. 2008).

WHEREAS, Plaintiffs alleged in the operative complaint that 768,000 putative class members suffered damages of $20 each or total damages in excess of $15 million;

NOW THEREFORE, upon reviewing the parties' proposed findings of fact and conclusions of law, the supporting declarations and memorandum of law submitted therewith, as well as the pleadings and all prior proceedings held herein, and the mater having come before the Court, based on the foregoing

**It is hereby ORDERED, ADJUDGED AND DECREED as follows:**

1.      Plaintiffs have demonstrated with reasonable probability that the amount in controversy exceeds $5 million.

2.      This Court has subject matter jurisdiction pursuant to CAFA.

**SO ORDERED.**

_____
Miriam G. Cederbaum
Senior United States District Judge

New York, New York
December ___, 2010

2