# GISKAN SOLOTAROFF ANDERSON & STEWART LLP

Attorneys at Law

April 12, 2011

By ECF and Hand Delivery
Honorable Miriam Goldman Cedarbaum
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Cedarbaum:

      Plaintiffs submit this letter brief in response to the Court's request for further legal authority on the question of whether all putative class members, even those that reside outside New York but signed agreements to apply New York law to all potential claims, may assert a claim under New York General Business Law ("GBL") §349 in this action. The Court opined at the April 5, 2011 conference that if the answer to that question was "yes," plaintiffs will have met their burden for subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332.

      Plaintiffs have previously briefed this issue in May 2010 at the Court's request during the May 12, 2010 evidentiary hearing (*See* Declaration of Oren Giskan Ex 14 and 18)[1]. At the Court's request, plaintiffs have further researched this issue and in particular whether any other Court has addressed the question of whether the GBL requirement that the deceptive conduct at issue took place in New York was satisfied through a "place of performance" clause in a uniform agreement.

      The beginning of any analysis must begin with *Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 325 (N.Y. 2002), wherein the New York Court of Appeals held that GBL §349 can apply to non-New York residents provided the deceptive conduct took place in New York.[2] Here, there

---

[1] This Declaration attaches all of plaintiffs' submissions to the Court on the issue of subject matter jurisdiction under CAFA since the issue was raised sua sponte by the Court during the class certification hearing in December 2007.

[2] *Accord Gunther v. Capital One, N.A.*, 703 F. Supp. 2d 264, 275 (E.D.N.Y. 2010) ("Interpreting Section 349, the Court of Appeals of New York State has held that a non-New York resident may assert a claim under Section 349, but that to state a claim under this section 'the transaction

are two strong bases for finding that the deceptive conduct took place in New York. First, Dow Jones **admitted** in this case that the conduct at issue took place in New York. In its briefs in support of its motions to dismiss Dow Jones argued:

> Here, Plaintiffs admit that Dow Jones is headquartered in New York and thus any allegedly deceptive conduct would have occurred there, and not in Connecticut.

*See e.g.*, Memorandum of Defendant Dow Jones & Company, Inc. In Support of Its Motion to Dismiss First Consolidated Amended Class Action Complaint Or, Alternatively, For A More Definite Statement, at p. 16 (June 15, 2006) (Docket # 14). This Court agreed that the deceptive conduct took place in New York and not Connecticut when it dismissed Plaintiff Newmark's claim under the Connecticut Unfair trade Practices Act. *See* Transcript Jan. 18, 2007 at 18 ("The legislature of Connecticut has no power to legislate for something that didn't happen in Connecticut . . . .").

Second, Dow Jones drafted a clause in its standard Subscriber Agreement specifying that the contract at issue for all putative class members was made and wholly performed in New York:

> This Agreement, as well as any and **all claims arising from** this Agreement will be governed by and construed in accordance with the laws of the State of New York, United States of America applicable to contracts **made entirely within New York and wholly performed in New York**, without regard to any conflict or choice of law principles.

(emphasis added). There is no ambiguity in these terms.[3] Dow Jones wanted New York law to apply to all claims related to its Subscription Agreement for WSJ Online. Now that its decision

---

in which the consumer is deceived must occur in New York.' *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.2d 314, 324, 774 N.E.2d 1190, 746 N.Y.S.2d 858 (2002)."); *People v. Telehublink Corp.*, 301 A.D.2d 1006, 1009 (N.Y. App. Div. 3d Dep't 2003) ("Contrary to [the defendant's] argument, however, those statutes [including NYGBL §349], by their terms, do not limit petitioner's authority to seek relief on behalf of parties injured by conduct in New York merely because those parties are nonresidents.") (citing *Goshen*). *Cf. Mountz v. Global Vision Prods., Inc.*, 770 N.Y.S.2d 603, 608 (Sup. Ct., N.Y. Co. 2003) (NYGBL §349 requires that "some part of the underlying transaction must occur in New York State") (citing *Goshen*).

[3] *See Aramarine Brokerage, Inc. v. American Hotel Int'l Group, Inc.*, 307 Fed. Appx. 562, 564 (2nd Cir. 2009) ("Under New York's choice of law rules, it is clear that in cases involving a contractwith an express choice of law provision ... a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction, unless there is fraud, violation of public policy, or no reasonable basis for choosing the law of the jurisdiction designated by the parties.) (internal quotes and citations omitted; modification in original); *RJE Corp. v. Northville Indus. Corp.*, 329 F. 3d 310, 314 (2d Cir. 2003) ("Because this case was brought in a district court within the State of New York, we turn to New York substantive law. … It is the general policy of New York courts to enforce choice of law provisions, ….."); *Cram v. Pepsico, Inc.*, 31 Fed. Appx. 39, 43 (2nd Cir. 2002) ("'as a general rule, choice of law

2

to do so has come back to bite it, Dow Jones' attorneys are now asking this Court to ignore its admission, the clear and unambiguous language of the Subscription Agreement and common sense and let it off the hook. The Court should decline that invitation.

At least one other federal court has recognized that a New York choice-of-law clause employing similar language applies to consumer protection claims. In *Dejohn v. The .TV Corp. Int'l.*, 245 F. Supp. 2d 913 (N.D. Ill. 2003), the plaintiff sought to bring a claim under the Illinois Consumer Fraud Act in the face of an agreement similar to the one at issue here:

> [the customer's] rights and obligations and all actions contemplated by [the Agreement] shall be governed by the laws of the United States of America and the State of New York, as if the Agreement was **a contract wholly entered into and wholly performed within the State of New York**.

245 F. Supp. 2d at 917 (emphasis added). In rejecting the non-New York resident plaintiff's claims based on the Illinois Consumer Fraud and Deceptive Practices Act and the Uniform Deceptive trade Practices Act, the Court reasoned:

> Here, the parties agreed that New York law would govern any dispute arising under the Register.com Agreement. Although the contract does not explicitly say that New York law will apply to a fraud or deceptive practices act claim, such a provision could have been included. Accordingly, the court will respect the parties' choice of New York law. This means that [plaintiff] cannot pursue claims based on non-New York law . . . .

*Id.* at 922. As in *Dejohn*, the clause at issue encompasses all claims and all members of the putative class in this action should be permitted to pursue a GBL 349 claim. In response to the Court's inquiry at the April 5, 2011 conference, Plaintiffs believe the *Dejohn* decision is the most analogous to the choice-of-law issues presented to this Court.

At the April 5, 2011 conference, as it did in previous submissions to this Court (see Letter of Randy Mastro dated May 17, 2010), Dow Jones has argued that the case of *Witherspoon v. Rappaport*, 02-9039, 2003 WL 21105394 (2d Cir. May 15, 2003) is dispositive. As a preliminary matter, and as noted by the Court at the April 5th conference, the Witherspoon decision is a summary order and may not be cited as precedential authority. For this reason alone it is not helpful. Putting that aside, *Witherspoon* does not involve a GBL §349 claim nor does it address the issue of whether a "place of performance clause" is sufficient to satisfy GBL §349's requirement that the deceptive conduct take place in New York. *Witherspoon* is simply inapposite.

Dow Jones has previously argued that its "place of performance" clause in this standard subscriber agreement only applies to breach of contract claims. That too is wishful thinking. If Dow Jones intended that to be the case (as opposed to an after-the-fact argument created by its

---

provisions ... are valid and enforceable in [New York].' *Terwilliger v. Terwilliger*, 206 F.3d 240, 245 (2d Cir. 2000).") (modifications in original).

3

lawyers in this case), it could have drafted it that way. But it is stuck with the clause it drafted, and nowhere does that clause limit its application. To the contrary, it drafted a clause that went far beyond just contract claims by inserting the language "as well as any and all claims arising from this Agreement."[4] Indeed, the "wholly performed" and "as well as any and all claims arising from" language would be superfluous if Dow Jones simply wanted New York law to apply to its contractual disputes. Clearly, Dow Jones intended New York law to apply to ALL claims arising out of the Subscription Agreement and its current argument is nothing more than its lawyers seeking to avoid the implications of that clause now that it no longer favors Dow Jones.

Even if this Court finds that GBL §349 does not apply to non-New York residents, Plaintiffs still easily satisfy the CAFA amount in controversy. First, 78,233 NY subscribers have claims under GBL §349 totaling approximately $4 million. The remaining 475,939 subscribers easily allege more than the remaining $1 million to get plaintiffs over the $5 million threshold, even if Plaintiffs' attorneys' fees are not considered as they should be under CAFA.

Dow Jones has argued that plaintiffs may not aggregate their GBL §349 and contract claims, but that argument has no basis in the statute or the case law.[5] The Second Circuit recognizes that "CAFA explicitly provides for aggregation of each class member's claims in determining whether the amount of controversy is at least $5,000,000." 28 U.S.C. § 1332(d)(6). *Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 59 (2d Cir. 2006); *Ava Acupuncture P.C.,* 592 F. Supp. 2d at 526 (S.D.N.Y. 2008). Nor does it make any sense – Congress passed a statute to move class actions into federal court. To read into the statute an exception that would send cases back to state court would contravene the clear intention of Congress.

But even if the Court rules both that GBL §349 does not apply to non-New York residents and Plaintiffs may not combine GBL §349 damages and breach of contract damages to meet the amount in controversy requirement, it is still not "legally impossible" for Plaintiffs to recover more than $5 million for the alleged putative class. *See Bank Doctors Ltd. v. Metropolitan Property and Casualty Ins. Co.,* No. 11-8003 (7th Cir. April, 1, 2011) (submitted to Court on April 4, 2011). Plaintiffs have alleged that they are entitled to a refund of approximately 50% of the $79.00 or $99.00 WSJ Online subscription price or the $20.00 Dow

---

[4] One Court has noted that it was the absence of "arising under" language that precluded the Court from applying the choice of law to consumer protection claims. *Anapoell v. American Express Bus. Fin. Corp.,* 2007 U.S. Dist. LEXIS 88182 at *34 (D. Utah 2007).

[5] Dow Jones has repeatedly cited *Rebman v. Follett Higher Education Group,* 248 F.R.D. 624 (M.D. Fla. 2008) for the proposition that a party cannot aggregate claims for CAFA jurisdiction. But *Rebman* does not stand for that proposition—it merely held that if the plaintiffs elected to proceed on just one claim, the damages for that claim must exceed $5 million. 248 F.R.D. at 632 (holding that the plaintiffs lacked standing to prosecute contract claim, leaving them only with a claim under the Florida deceptive practice statute). Claims may be aggregated. *See e.g.,* Green v. Staples Contract & Comm., 2008 U.S. Dist. LEXIS 104363 at *13-15 (C.D. Cal. Dec. 10, 2008) (considering all claims and plaintiffs' attorneys' fees in determining amount in controversy).

4

Jones paid to subscribers who complained about the challenged conduct.[6]  Using this measure, plaintiffs easily reach $5 million. [7]

                Respectfully submitted,

                */s/ Oren Giskan*
                Oren Giskan

cc: All Counsel by ECF

---

[6] Dow Jones' damage analysis is based not on the pleadings but on arguments made during the course of the litigation.

[7] Similarly, using this measure of damages, even the New York residents satisfy the amount in controversy requirement under CAFA if the GBL 349 damages are trebled for willfulness (78,233 x $37 x 3 = $8.68 million). *See* GBL §349(h).

5